UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TAAKQUE D. KING and<br>ADRIENE F. JOHNSON<br>Individually and on behalf<br>of all others similarly situated<br><br>*Plaintiffs*,<br><br>v.<br><br>ECLERX, LLC<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. <u>1:24-cv-00115</u><br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION<br>PURSUANT TO FED. R. CIV. P. 23(b)(3)** |

**PLAINTIFF'S ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT**

Plaintiffs, Taakque D. King ("King") and Adriene F. Johnson ("Johnson") (collectively "Plaintiffs"), brings this action individually and on behalf of all current and former hourly call-center employees (hereinafter "Plaintiffs and the Putative Collective/Class Members") who worked for ECLERX, LLC (hereinafter "Defendant" or "ECLERX"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 (the "FLSA") 29 U.S.C. §§ 201–19, as amended 29 U.S.C. § 216(b); and the North Carolina Wage and Hour Act, ("NCWHA") N.C. Gen. Stat. Ann. § 95-25.1–95-25.25.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the additional North Carolina state law claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

**I.**

# OVERVIEW

1. This is a collective action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the FLSA and a class action pursuant to the state laws of North Carolina and FED. R. CIV. PROC. 23 to recover unpaid wages, and other applicable penalties.

2. Plaintiffs and the Putative Collective/Class Members are those similarly situated call-center employees who have worked for ECLERX throughout the United States, at any time during the relevant statutes of limitation and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3. Specifically, ECLERX has enforced a uniform company-wide policy wherein it improperly required (and continues to require) its non-exempt hourly call-center employees—Plaintiffs and the Putative Collective/Class Members—to perform work off-the-clock and without pay in violation of state and federal law.

4. ECLERX's illegal company-wide policy has caused Plaintiffs and the Putative Collective/Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiffs and the Putative Collective/Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiffs and the Putative Collective/Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. ECLERX knowingly and deliberately failed to compensate Plaintiffs and the Putative Collective/Class Members for all hours worked and the proper amount of overtime on a routine and regular basis during the relevant time period(s).

7. Plaintiffs and the Putative Collective/Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or relevant state law.

8. Plaintiffs and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time and other damages owed under the state laws of North Carolina as a class action pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiffs pray that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiffs also pray that the Rule 23 class is certified as defined herein, and that Plaintiffs King and Johnson designated herein be named as Class Representative for the North Carolina Class.

## II.
## THE PARTIES

11. Plaintiff Taakque D. King was employed by ECLERX in North Carolina during the relevant time period. Plaintiff King did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. Plaintiff Adriene F. Johnson was employed by ECLERX in North Carolina during the relevant time period. Plaintiff Johnson did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

---

[1] The written consent of Taakque D. King is hereby attached as Exhibit "A."

[2] The written consent of Adriene F. Johnson is hereby attached as Exhibit "B."

13. The FLSA Collective Members are those current and former hourly call-center employees who were employed by ECLERX at any time from January 31, 2021, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

14. The North Carolina Class Members are those current and former hourly call-center employees who were employed by ECLERX in North Carolina, at any time from January 31, 2022, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

15. Defendant ECLERX, LLC ("ECLERX") is a domestic limited liability company, licensed to and doing business in Texas and may be served with process through its registered agent for service of process: Corporation Service Company, 211 E. 7th Street, Suite 620 Austin, Texas 78701.

### III.
### JURISDICTION & VENUE

16. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

17. This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

18. This Court has general personal jurisdiction over ECLERX because ECLERX's conduct within this District and Division.

19. Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

20. Specifically, ECLERX's corporate headquarters are located in Travis County, Texas which is located within this District and Division.

21. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

# IV.
# ADDITIONAL FACTS

22. ECLERX is a consulting and outsourcing company with locations across the United States and India.

23. To provide its services, ECLERX employed (and continues to employ) thousands of hourly call-center employees throughout the United States—Plaintiffs and the Putative Collective/Class Members—who assist ECLERX's clients' customers.

24. Plaintiffs and the Putative Collective/Class Members were employed by ECLERX to handle in bound calls for ECLERX clients' upscaling products, repairing clients' equipment over the phone, and collecting money for bill payments.

25. Plaintiff King was employed by ECLERX as an hourly Agent and hourly Agent Supervisor in North Carolina from approximately November 2018 until October 2022.

26. Plaintiff Johnson was employed by ECLERX as an hourly Agent in North Carolina from approximately March of 2021 until February 2022.

27. Plaintiffs and the Putative Collective/Class Members are non-exempt call-center employees that were (and continue to be) paid by the hour.

28. Plaintiffs and the Putative Collective/Class Members typically worked (and continue to work) approximately forty (40) on-the-clock hours per week.

29. On some occasions, Plaintiffs and the Putative Collective/Class Members would work less than forty (40) hours in a week.

30. In addition to their scheduled "on-the-clock" hours, Plaintiffs and the Putative Collective/Class Members worked (and continue to work) between ten (10) to thirty (30) minutes off-the-clock per day for which they were not compensated.

31. In weeks in which Plaintiffs and the Putative Collective/Class Members worked forty (40) or more hours in a week, the off-the-clock work qualified as unpaid overtime.

32. In weeks in which Plaintiffs and the Putative Collective/Class Members worked less than forty (40) hours in a week, the off-the-clock work would qualify as unpaid straight time.

33. ECLERX employed (and continues to employ) other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiffs.

34. Moreover, Plaintiffs and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of ECLERX resulting in the complained of FLSA and state law violations alleged herein.

### Unpaid Start-Up Time

35. Plaintiffs and the Putative Collective/Class Members were not (and continue to not be) compensated for all the hours they worked for ECLERX as a result of ECLERX's corporate policy and practice of requiring all call-center employees to be ready to take their first phone call the moment their official shift starts.

36. Specifically, Plaintiffs and the Putative Collective/Class Members have been required to perform integral and indispensable tasks before clocking in. These tasks were necessary to prepare for their shifts and allow them to begin taking calls at the moment their shift begins. These tasks include: turning on the computer and waiting for it to boot-up; opening up and logging into the Virtual Protected Network; opening and logging into other client specific programs and databases; and attending a pre-shift meeting (referred to collectively as the "Pre-Shift Duties").

37. The Pre-Shift Duties can take anywhere from ten (10) minutes up to thirty (30) minutes each day.

38. ECLERX required (and continues to require) Plaintiffs and the Putative Collectives/Class Members be ready to accept their first customer call the moment the employee's official shift starts.

39. ECLERX also forbade the Plaintiff and Putative Collective/Class Members from clocking in before their official shift start time.

40. If Plaintiffs and the Putative Collective/Class Members have not completed their Pre-Shift Duties prior to their clock in time, they will not be prepared to take phone calls by their shift start time, they can be (and often are) subject to discipline.

41. If Plaintiffs and the Putative Collective/Class Members clock in prior to their shift start time, they are also subject to discipline for clocking in too early.

42. Therefore, the only way to be ready on time and complete the Pre-Shift Duties, and avoid discipline, is to complete the Pre-Shift Duties off-the-clock and without pay.

43. Although this start-up time is necessary and integral to their job duties, Plaintiffs and the Putative Collective/Class Members have not been compensated for this time.

44. As such, ECLERX required (and continues to require) that Plaintiffs and the Putative Collective/Class Members perform the Pre-Shift Duties "off-the-clock" before their official shift begins.

45. As a result of ECLERX's company-wide policy and practice of requiring Plaintiffs and the Putative Collective/Class Members to perform their Pre-Shift Duties off-the-clock before the beginning of their shifts Plaintiffs and the Putative Collective/Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

46. ECLERX was (and continues to be) aware of its obligation to pay Plaintiffs and the Putative Collective/Class Members for all hours worked and pay the proper amount of overtime for all hours worked in excess of forty (40) each week but has failed to do so.

47. Because ECLERX did not pay Plaintiffs and the Putative Collective/Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek,

ECLERX's pay policies and practices violate the FLSA, and the state laws of North Carolina alleged herein.

48. Because ECLERX did not pay Plaintiffs and the Putative Collective Members time and a half for all hours worked in excess of forty (40) in a workweek, ECLERX's pay policies and practices willfully violate the FLSA.

49. Because ECLERX did not pay Plaintiffs and the Putative Class Members for all hours worked within the time frame required by the NCWHA, ECLERX's pay policies and practices also violate the state laws of North Carolina.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.   FLSA COVERAGE**

50. All previous paragraphs are incorporated as though fully set forth herein.

51. The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY ECLERX GLOBAL SERVICES, INC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JANUARY 31, 2021, THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

52. At all material times, ECLERX has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

53. At all material times, ECLERX has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

54. At all material times, ECLERX has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of

goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

55. During the respective periods of Plaintiffs and the FLSA Collective Members' employment by ECLERX, these individuals have provided services for ECLERX that involved interstate commerce for purposes of the FLSA.

56. In performing the operations described hereinabove, Plaintiffs and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

57. Specifically, Plaintiffs and the FLSA Collective Members are (or were) non-exempt hourly call-center employees of ECLERX who assisted ECLERX's customers throughout the United States. 29 U.S.C. § 203(j).

58. At all material times, Plaintiffs and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 207.

59. In violating the FLSA, ECLERX acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

60. Indeed, ECLERX chose to require the Plaintiffs and the FLSA Collective Members perform their Pre-Shift Duties off-the-clock.

61. The proposed class of similarly situated employees, i.e., putative collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 51.

62. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of ECLERX.

## B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

63. All previous paragraphs are incorporated as though fully set forth herein.

64. ECLERX has violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

65. Plaintiffs and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of ECLERX's acts or omissions as described herein; though ECLERX is in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

66. Moreover, ECLERX knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

67. ECLERX knew or should have known its pay practices were in violation of the FLSA.

68. ECLERX is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

69. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted ECLERX to pay them according to the law.

70. The decision and practice by ECLERX to not pay for all hours worked and the proper amount of overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

71. Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.     FLSA COLLECTIVE ACTION ALLEGATIONS**

72. All previous paragraphs are incorporated as though fully set forth herein.

73. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of ECLERX's call-center employees who have been similarly situated to Plaintiffs with regard to the work they performed and the manner in which they were paid.

74. Other similarly situated employees of ECLERX have been victimized by ECLERX's patterns, practices, and policies, which are in willful violation of the FLSA.

75. The FLSA Collective Members are defined in Paragraph 51.

76. ECLERX's failure to pay Plaintiffs and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of ECLERX, and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

77. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

78. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

79. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

80. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

81. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and ECLERX will retain the proceeds of its rampant violations.

82. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

83. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 51 and notice should be promptly sent.

## COUNT TWO
**(Class Action Alleging Violations of NCWHA)**

**A. NCWHA COVERAGE**

84. Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

85. The "North Carolina Class" is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO HAVE BEEN EMPLOYED BY ECLERX, LLC IN NORTH CAROLINA, AT ANY TIME FROM JANUARY 31, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("North Carolina Class" or "North Carolina Class Members").**

86. At all material times, ECLERX was and has been an "employer" within the meaning of the NCWHA. *See* N.C. Gen. Stat. Ann. § 95-25.2(5).

87. At all material times, Plaintiffs and the North Carolina Class Members have been "employees" within the meaning of the NCWHA. *See* N.C. Gen. Stat. Ann. § 95-25.2(4).

88. Plaintiffs and the North Carolina Class Members were or have been employed by ECLERX since December 13, 2019, and have been covered employees entitled to the protections of the NCWHA and were not exempt from the protections of the NCWHA.

89. The employer, ECLERX, is not exempt from the payday requirements under the NCWHA.

B.  **VIOLATIONS OF NCWHA**

90. Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

91. The NCWHA requires employers to timely pay their employees all wages due on their regular payday. N.C. Gen. Stat. Ann. § 95-26.

92. ECLERX failed to pay Plaintiffs and the North Carolina Class Members all of their straight time and overtime wages on their regularly scheduled payday as a result of ECLERX's company-wide practice and policy of requiring the Plaintiffs and the North Carolina Class Members to perform their Pre-Shift Duties off-the-clock.

93. Plaintiffs and the North Carolina Class Members seek to recover all unpaid wages, liquidated damages, interest, and attorneys' fees under the NCWHA. *See* N.C. Gen. Stat. Ann. § 95-25.22

94. These claims are independent of Plaintiffs' claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Romero v. Mountaire Farms, Inc.,* 796 F. Supp. 2d 700, 710 (E.D.N.C. 2011).

B.  **NCWHA CLASS ALLEGATIONS**

95. Plaintiffs brings their North Carolina claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by ECLERX to work in North Carolina since January 31, 2022. *See* N.C. Gen. Stat. Ann. § 95-25.22(f).

96. Class action treatment of the North Carolina Class Members is appropriate because, as alleged below, all of the Federal Rule of Civil Procedure 23's class action requisites are satisfied.

97. The number of North Carolina Class Members is so numerous that joinder of all class members is impracticable.

98. The claims alleged by Plaintiffs share common issues of law and fact with the claims of the North Carolina Class Members.

99. Plaintiffs are members of the North Carolina Class, their claims are typical of the claims of the other North Carolina Class Members, and they have no interests that are antagonistic to or in conflict with the interests of the other North Carolina Class Members.

100. Plaintiffs and their counsel will fairly and adequately represent the North Carolina Class Members and their interests.

101. Class certification is appropriate under the Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

102. Accordingly, the North Carolina Class should be certified as defined in Paragraph 85.

## VI.
## RELIEF SOUGHT

103. Plaintiffs respectfully pray for judgment against ECLERX as follows:

a. For an Order certifying the FLSA Collective as defined in Paragraph 51 and requiring ECLERX to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order certifying the North Carolina Class as defined in Paragraph 85 and designating Plaintiffs King and Johnson as the Class Representatives of the North Carolina Class;

c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d. For an Order pursuant to Section 16(b) of the FLSA finding ECLERX liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

e. For an Order pursuant to NCWHA awarding Plaintiffs and the North Carolina Class Members unpaid wages, liquidated damages, interest, attorneys' fees and costs, and other damages allowed by law;

f. For an Order awarding costs and expenses of this action;

g. For an Order awarding attorneys' fees;

h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i. For an Order awarding Plaintiffs King and Johnson service award as permitted by law;

j. For an Order compelling the accounting of the books and records of ECLERX, at ECLERX's own expense; and

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: January 31, 2024					Respectfully submitted,

                **ANDERSON ALEXANDER, PLLC**

By:    */s/ Clif Alexander*
        **Clif Alexander**
        Texas Bar No. 24064805
        clif@a2xlaw.com
        **Austin W. Anderson**
        Texas Bar No. 24045189
        austin@a2xlaw.com
        **Lauren E. Braddy**
        Texas Bar No. 24071993
        lauren@a2xlaw.com
        **Alan Clifton Gordon**
        Texas Bar No. 00793838
        cgordon@a2xlaw.com
        **Carter T. Hastings**
        Texas Bar No. 24101879
        carter@a2xlaw.com
        101 N. Shoreline Blvd. Suite 610
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

        **BARKAN MEIZLISH DEROSE COX, LLP**

        */s/ Robert E. DeRose*
        Robert E. DeRose (OH Bar No. 0055214)
        (*Pro hoc vice anticipated*)
        4200 Regent Street, Suite 210
        Columbus, OH 43219
        Phone: (614) 221-4221
        Facsimile: (614) 744-2300
        bderose@barkanmeizlish.com

        *Counsel for Representative Plaintiffs and Putative Collective/Class Members*